IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:06CV225

| | |
|---|---|
| GWENDOLYN COLE-HOOVER and EDDIE LEE HOOVER, ) ) ) Plaintiffs, ) ) v. ) ) U.S. AIRWAYS, INC., VICKY ADAMS ) and TRACY GODWIN, ) ) Defendants. ) ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Defendants' "Motion to Compel Plaintiffs to Respond to Discovery" (Document No. 18), Defendants' "Brief in Support of Motion to Compel Plaintiffs to Respond to Discovery" (Document No. 19), and Defendants' supplemental motion to compel "Discovery" (Document No. 20), filed April 3, 2007. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and is now ripe for review.

Having fully considered the record, applicable authority, good cause shown, and Plaintiffs having filed no response, the undersigned will grant the motion.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons have knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in this action. Relevant information need not be admissible at the trial if the discovery appears reasonably

1

calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, oppress or, that causes undue burden or expense to the opposing party. See Fed.R.Civ.P. 26(c).

Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

In the instant case, Defendants allege that the Plaintiffs' responses to discovery requests, including interrogatories and requests for production, are overdue. Defendants have provided significant evidence of numerous requests for Plaintiffs to return timely responses to discovery. Plaintiffs have not filed any response to the "Motion to Compel...." The undersigned finds Defendants requests reasonable and relevant, and expects that if full responses have not been provided by Plaintiffs already, they must be provided immediately.

The undersigned does not find that expenses or attorney's fees are appropriate at this time, however, future dilatory conduct by Plaintiffs may result in sanctions that could include a requirement to pay costs, including reasonable attorney's fees, and/or may result in the dismissal of the lawsuit. Federal Rule of Civil Procedure 37(b)(2) states:

If a party ... fails to obey an order to provide or permit discovery ... the court in which

> the action is pending may make such orders in regard to the failure as are just, and among others ... dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.
>
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order ... to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

In addition, Federal Rule of Civil Procedure 41(b) allows:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant ... a dismissal under this subdivision ... operates as an adjudication on the merits.

The parties are reminded that their "Pretrial Order and Case Management Plan" (Document No. 13) identifies June 1, 2007 as the deadline for discovery completion as well as completing mediation and filing a report on the results of mediation.

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion to Compel..." (Document No. 18) is **GRANTED**.

Signed: April 19, 2007

David C. Keesler
United States Magistrate Judge